IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


KARL BERNARD CARTER                                                             PLAINTIFF

           v.                      Civil No. 1:12-cv-01053

DOUG WOODS; JAMES BOLTON;
JUSTIN STARNES; and SHERIFF
DAVID NORWOOD                                                                  DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

  This is a civil rights action filed by the Plaintiff Karl Carter pursuant to 42 U.S.C. § 1983. Plaintiff is no longer incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

  Currently before the Court is Defendants' Second Motion to Dismiss. ECF No. 36. Plaintiff responded. ECF No. 38. After careful consideration, I make the following Report and Recommendation.

**1. BACKGROUND**

  Plaintiff filed his Complaint on May 21, 2012. ECF No. 2. Plaintiff subsequently filed an Addendum and Supplement to his Complaint. ECF Nos. 9, 10. In these documents, Plaintiff claims Defendants, in both their official and individual capacities violated his constitutional rights by being deliberately indifferent to his medical needs. Specifically, Plaintiff claims he injured his back while incarcerated at the Ouachita County Detention Center and he was subsequently denied medical care for his back for four months.

On September 12, 2013, Defendants filed a Motion to Take Deposition of Plaintiff.  ECF No. 21.  On September 30, 2013, I denied this Motion as moot because Plaintiff was released from incarceration, therefore, Defendants did not need leave of the Court to depose Plaintiff.  ECF No. 23.

On November 13, 2014, Defendants filed their first Motion to Dismiss.  ECF No. 27.  In this Motion, Defendants sought dismissal based on Plaintiff's failure to appear at his scheduled and properly noticed deposition.  Plaintiff also failed to contact defense counsel to inform counsel of Plaintiff's inability to attend the deposition causing defense counsel and the court reporter to unnecessarily attend the deposition.  On November 14, 2014, the Court entered a Show Cause Order directing Plaintiff to show cause why he failed to appear at his scheduled deposition.  ECF No. 29.  Plaintiff responded stating he received a "Notice of Descovery Deposition to be in Court on [October 31, 2014]." ECF No. 30 (errors in original).  Further, Plaintiff states he received a Scheduling Order from this Court on October 22, 2014 stating his evidentiary hearing was rescheduled to Wednesday, January 28, 2015 at 9:00 a.m. in El Dorado, Arkansas.  Lastly, Plaintiff requests that he be allowed to proceed with the court date of January 28, 2015.  ECF No. 30.

On December 17, 2014, I denied Defendants' first Motion to Dismiss as moot based on the representations by Plaintiff that he confused Defendants' written deposition notice with a scheduling change for his hearing date.  In this same Order, I directed Plaintiff to appear for his deposition at a time and location convenient for Defendants no later than January 7, 2015.  I further advised Plaintiff that if he failed to appear at the second scheduled deposition this case would be subject to dismissal.  ECF No. 33.  ECF No. 33.

Currently before the Court is Defendants' Second Motion to Dismiss.  ECF No. 36.  In this

2

Motion, Defendants state they noticed Plaintiff for deposition pursuant to the Court's December 17, 2014 Order. Plaintiff was furnished with a notice stating the deposition was scheduled for January 7, 2015 at 10:00 a.m. at defense counsel's office in Little Rock, Arkansas ("Notice"). Defendants sent this Notice to Plaintiff by Certified Mail and included driving directions to the office, a copy of the Court's December 17, 2014 Order, and a letter detailing the time and location of the deposition. ECF No. 36. Plaintiff signed the Certified Mail receipt on December 19, 2014 indicating he received the Notice and accompanying documents. ECF No. 36. Plaintiff did not appear at the January 7, 2015 deposition. Plaintiff also failed to notify Defendants' counsel that he would be unable to attend the January 7, 2015 deposition. ECF No. 36.

Defendants further represent they have twice paid for a court reporter to appear to take Plaintiff's deposition and twice paid for the transcript of Plaintiff's non-appearance. Defendants argue they are entitled to sanctions, expenses and attorneys fees, and dismissal of this action pursuant to Federal Rule of Civil Procedure 37.

Plaintiff argues in his Response that he did not have transportation to either scheduled deposition. The first deposition was scheduled in Camden, Arkansas while Plaintiff was living in Mesquite, Texas and the second deposition was scheduled in Little Rock, Arkansas while Plaintiff was living in Camden, Arkansas. ECF No. 38. Plaintiff claims he did not have enough time to arrange for transportation to either deposition.

**2.   APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and

> the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

Furthermore, the Federal Rules of Civil Procedure governing discovery provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . (v) dismissing the action or proceeding in whole or in part.

Fed. R. Civ. P. 37(b)(2)(A). Rule 37 goes on to state:

4

> Instead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C). Rule 37 also specifically states that failure to attend a properly noticed deposition may warrant sanctions including dismissal of the action in whole or in part as provided by 37(b)(2)(A). Fed. R. Civ. P. 37(d)(3). Finally, the Eighth Circuit Court of Appeals has recognized a district court's discretion to sanction a *pro se* plaintiff by dismissing his claims for failure to participate in discovery. *See Lindstedt v. City of Granby*, 238 F.3d 933 (8th Cir. 2000).

**3.    DISCUSSION**

Plaintiff has failed to comply with the Court's December 17, 2014 Order directing him to appear at his second scheduled deposition on January 7, 2015. Plaintiff was advised in the December 17, 2014 Order that failure to attend the deposition would subject this matter to dismissal. Accordingly, I recommend Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's December 17, 2015 Order. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b). *See also Aziz v. Wright*, 34 F.3d 587 (8th Cir. 1994) (affirmed dismissal of pro se plaintiff's claims based on plaintiff's failure to comply with the court's order allowing the defendants to depose the plaintiff).

Further, Plaintiff failed to appear at a previously scheduled and properly noticed deposition on October 31, 2014 in addition to the Court ordered deposition on January 7, 2015. Plaintiff argues he had no transportation to either scheduled deposition nor did he have time to arrange for transportation. The Court is unconvinced by these arguments. First, Plaintiff made no attempts to contact Defendants' counsel to reschedule or relocate the deposition due to Plaintiff's lack of transportation. Additionally, Defendants provided Plaintiff with written notice of the first scheduled

deposition on October 15, 2014. The deposition was not scheduled until October 31, 2014. The second deposition was ordered by the Court on December 17, 2014 and noticed to Plaintiff on December 18, 2014 that it was scheduled for January 7, 2015. The Court finds Plaintiff was given notice of each scheduled deposition within a reasonable time to make transportation arrangements. Plaintiff was provided ample time to notify Defendants' counsel that he was unable to travel to the location of the scheduled depositions and request a relocation or reschedule of the deposition. Lastly, this matter is at a standstill due to Plaintiff's refusal to attend his deposition.

Accordingly, I alternatively recommend Defendants' Motion to Dismiss (ECF No. 36) be granted and Plaintiff's Complaint be dismissed without prejudice as a sanction for Plaintiff's refusal to participate in discovery in this matter. *See* Fed. R. Civ. P. 37(d)(3). *See also Lindstedt v. City of Granby*, 238 F.3d 933 (8th Cir. 2000) (finding the district court did not abuse its discretion in dismissing a *pro se* plaintiff's claims as a sanction for refusal to participate in discovery). Further, I recommend Plaintiff be required to pay Defendants' costs in scheduling and transcribing the two depositions prior to refiling these claims. Fed. R. Civ. P. 37(d)(3).

**4.      CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders. Alternatively, I recommend Defendants' Motion to Dismiss (ECF No. 36) be **GRANTED** and Plaintiff's Complaint be **DISMISSED** without prejudice as a sanction for failure to attend his deposition and that Plaintiff be required to pay Defendants' costs resulting from the October 31, 2014 and January 7, 2015 scheduled deposition prior to refiling these claims.

**The parties have fourteen days from receipt of the Report and Recommendation in**

which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

        **DATED this 20th day of April 2015.**

                            /s/ Barry A. Bryant
                            HON. BARRY A. BRYANT
                            UNITED STATES MAGISTRATE JUDGE

Case 1:12-cv-01053-SOH Document 42 Filed 04/20/15 Page 7 of 7 PageID #: 182